UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD WAYNE ARNOLD,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Petitioner,⠀⠀⠀⠀)⠀⠀⠀⠀Case No. 1:05-cv-395
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀Honorable Wendell A. Miles
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
STATE OF MICHIGAN et al.,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀Respondent.⠀⠀⠀)
_____)

## OPINION

⠀⠀⠀⠀⠀⠀⠀This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that Petitioner failed to exhaust his state-court remedies.

## Discussion

### I.    Factual allegations

Petitioner currently is incarcerated in the Oaks Correctional Facility.  On October 2, 2003, Petitioner was convicted in the Bay County Circuit Court of first-degree criminal sexual conduct.  He was sentenced as an habitual offender to imprisonment of thirty to sixty years.  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which remains pending.

In his habeas application, Petitioner raises the following three grounds for relief: (1) Petitioner was denied the effective assistance of counsel due to a conflict of interest on the part of defense counsel who was representing the prosecutor in an adoption proceeding at the same time he was representing Petitioner in his criminal proceedings; (2) defense counsel was ineffective when he failed to attack the credibility of prosecutorial witnesses who gave inconsistent testimony; and (3) the trial court improperly scored the sentencing guidelines in violations of Petitioner's right against cruel and unusual punishment.

### II.    Exhaustion of state-court remedies

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner's direct appeal remains pending in the Michigan Court of Appeals. As set forth above, Petitioner must give both the Michigan Court of Appeals and the Michigan Supreme Court an opportunity to rule on his claims before they may be reviewed in federal habeas corpus proceedings. Because Petitioner has not exhausted his state-court remedies, his action must be dismissed without prejudice.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he failed to exhaust his state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

- 3 -

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds of exhaustion of state-court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of petitioner's claims on exhaustion grounds. "Where a plain procedural bar is

- 4 -

present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.

Dated: <u>July 19, 2005</u>                                             /s/ Wendell A. Miles
                                                                        Wendell A. Miles
                                                                        Senior U.S. District Judge